Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003147
16-JAN-2014
10:29 AM

NO. CAAP-13-0003147

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM CROWE, Individually, Plaintiff-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF WAIKIKI MARINA CONDOMINIUM,
Defendant-Appellant,
and
JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100,
and DOE CORPORATIONS 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2272)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over this appeal that Defendant-Appellant

Association of Apartment Owners of Waikiki Marina Condominium

(Appellant AOAO Waikiki Marina Condominium) have asserted from

the Honorable Virginia Lea Crandall's August 5, 2013 "Findings of

Fact, Conclusions of Law, and Order 1) Granting Plaintiff William

Crow's Request for Declaratory and Injunctive Relief and

2) Denying in Part and Granting in Part Defendant the Association

of Apartment Owners of Waikiki Marina Condominium's Motion for Reconsideration Filed April 4, 2013" (hereinafter "the August 5, 2013 interlocutory order"), because the circuit court has not yet reduced any of its dispositive rulings to a separate judgment document, as Hawaii Revised Statutes ("HRS") § 641-1 (1993 & Supp. 2012) and Rules 54(b) and 58 of the Hawaii Rules of Civil Procedure ("HRCP") require under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore, even when the circuit court reduces an order to a separate judgment, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims

against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

On October 25, 2013, the circuit court clerk filed the record on appeal for appellate court case number CAAP-13-0003147, which does not include an appealable final judgment. The August 5, 2013 interlocutory order is not a judgment. Although the August 5, 2013 interlocutory contains an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b), "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994).

Absent an appealable final judgment, this appeal is premature and we lack appellate jurisdiction.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-13-0003147 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 16, 2014.

Presiding Judge

Associate Judge

Associate Judge